**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6413**

GARY YOUNG,

            Petitioner - Appellant,

    v.

WARDEN, FCI BUTNER LOW,

            Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-hc-02262-D)

Submitted:  June 24, 2021                                        Decided:  June 29, 2021

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gary Young, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Young, a federal prisoner, appeals the district court's order denying relief on his 28 U.S.C. § 2241 petition in which he sought to challenge his 18 U.S.C. § 924(c) convictions by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his conviction in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).[*]

We have reviewed the record and find no reversible error. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] To the extent Young is challenging the legality of his sentence, he similarly does not satisfy the savings clause test articulated in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), and therefore cannot proceed under 28 U.S.C. § 2255.